FLYNT, administrator, *v.* COLLEY *et al.*

PER CURIAM. The evidence in this case, taken as a whole, including the
signing of the will as well as the deeds, was sufficient to carry the case
to the jury to determine whether or not there was a conspiracy, as
alleged, on the part of the defendants to defraud the plaintiff of her
property. The court erred in granting a nonsuit.
*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*
FEBRUARY 24, 1917.

Equitable petition. Before Judge Kent. Laurens superior
court. October 26, 1915.

Mary M. Colley filed her equitable petition against W. F. Col-
ley, his wife, Elizabeth H. Colley, and J. Frank Colley and his
wife, Minnie L. Colley, seeking injunction and the cancellation of
certain deeds. Subsequently to the filing of the suit the plaintiff
died, and her administrator, R. D. Flynt, was made a party plain-
tiff in her stead. Before the trial the case as to W. F. Colley and
his wife was settled. Upon the trial, after the plaintiff had intro-
duced evidence and closed, the defendants moved for a nonsuit,
which was granted, and the plaintiff excepted.

The evidence was in substance as follows: The plaintiff was a
feeble and illiterate woman, seventy-odd years of age, and unable
to sign her name. She was possessed in her own right of two city
lots, with houses thereon, in one of which she resided. The other
she rented, and lived upon that income as her only support. Her
husband died, leaving three children by a former marriage. The
plaintiff has no children. Soon after the death of her husband,
one of her stepsons, without any knowledge on the part of the
plaintiff, had a will prepared for her to sign, and brought wit-

nesses, and, after some changes, induced her to sign it, leaving her property involved in this suit to her stepsons, one of whom is a defendant in this case. However, it appears that there is no claim made under this will. Shortly afterwards, the other stepson called her into his office and requested her to sign a paper, having secured the necessary subscribing witnesses, one being a notary public. The son stated in the presence of the plaintiff that the paper she was to sign was a power of attorney for the purpose of authorizing him to transact her business, on account of her age and feeble condition. She signed two deeds conveying one house and lot to the wife of one of the stepsons, and the other house and lot to the wife of the other stepson. One stepson moved into the house occupied by the plaintiff, and the other stepson demanded rent of the tenant occupying the other house. The plaintiff had no knowledge of having signed deeds to her property until she was notified by the tenant that he had been requested to pay the rent by the grantee in the deed covering the premises. The plaintiff said, "If I had known they were deeds I would not have signed them." The plaintiff then filed an equitable petition to have these deeds set aside, on account of fraud. On cross-examination the plaintiff said, among other things: "Frank Colley nor his wife ever did anything to induce me to sign any will or any deed. They never used any fraud to get me to do it. I know of no conspiracy entered into to get me to do it. It was an advantage over me. I think they had something to do with it."

*Ira S. Chappell* and *Davis & New,* for plaintiff.
*W. C. Davis,* for defendant.